IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LOCAL WEB RESULTS, SERIES LLC,    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )          1:21-cv-206
                                   )
ELI GLOBAL, LLC, and GREG E.       )
LINDBERG, individually,            )
                                   )
          Defendants.              )

<u>**MEMORANDUM OPINION AND ORDER**</u>

**OSTEEN, JR., District Judge**

 Before this court is a Motion for Summary Judgment filed by
Plaintiff Local Web Results, Series LLC. (Doc. 28.) Defendants
Eli Global, LLC and Greg E. Lindberg responded, (Doc. 30), and
the motion is ripe. For the following reasons, this court will
grant summary judgment.

**I. <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>**

 On or about October 3, 2017, Defendants Eli Global, LLC and
Greg E. Lindberg (together, "Defendants") "executed and
delivered to the Plaintiff a Promissory note . . . for
$900,000, payable in three installments of $300,000." (Complaint
("Verified Compl.") (Doc. 4) ¶ 4; Ex. A ("Promissory Note")

(Doc. 29 at 10–12).)[1] Defendants paid the first two installments, but "there remains a balance due of $300,000 for the third and final installment." (Verified Compl. (Doc. 4) ¶ 5; Def.'s Answer ("Answer") (Doc. 10) ¶ 5.) Plaintiff gave Defendants notice of the default on November 12, 2020. (See Verified Compl. (Doc. 4) ¶ 7; Answer (Doc. 10) ¶ 7; Ex. B ("Eli Global Collection Letter") (Doc. 15 at 8–9)); Ex. C ("Lindberg Collection Letter") (Doc. 15 at 10–11).)

"[F]ailure to timely make any payment due under this Note, which failure continues for a period of ten (10) calendar days after notice from Lender, shall be an 'Event of Default.'" (Promissory Note (Doc. 29 at 10–12) at 10.) Under the terms of the Promissory Note, upon default, "all principal and interest which is past due under this Note shall bear interest from maturity or upon acceleration at the lesser of (a) twelve percent (12%) per annum; or (b) the maximum rate permitted by applicable North Carolina or Federal law[.]" (Id.)

The Promissory Note provides that "upon the occurrence of an Event of Default," Defendants "shall pay all costs of collection when incurred, including, but not limited to, any and

_____

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

- 2 -

all reasonable attorneys' fees, costs and expenses." (Promissory Note (Doc. 29 at 10-12) at 10.) On the same date that notice of default was given to Defendants, Defendants were also given notice that "they had the right to pay the outstanding balance due without incurring attorneys' fees." (Verified Compl. (Doc. 4) ¶ 8.) Defendants were notified that they were given "five days" from November 12, 2020 "to pay the 'outstanding balance' without the attorney's fees." (Eli Global Collection Letter (Doc. 15 at 8-9) at 9; Lindberg Collection Letter (Doc. 15 at 10-11) at 11.) If Defendants failed to do so, they were notified that "suit may be instituted for said balance and, additionally, for 15% of the 'outstanding balance' as attorney's fees to be included in the court costs." (Eli Global Collection Letter (Doc. 15 at 8-9) at 9; Lindberg Collection Letter (Doc. 15 at 10-11) at 11.)

Accordingly, under the terms of the Promissory Note, "Plaintiff is entitled to have and recover from the Defendants the sum of $300,000.00 together with interest thereon at the rate of twelve percent (12%) per annum from October 3, 2020, and attorney's fees in the amount of $45,000.00." (Verified Compl. (Doc. 4) ¶ 10.)

- 3 -

## II.  **STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). This court's summary judgment inquiry is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

"The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact." Wai Man Tom v. Hospitality Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020) (citing Celotex Corp., 477 U.S. at 323). "Once the movant has made this threshold determination, the nonmoving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. . . . Rather, the nonmoving party must demonstrate specific, material facts exist that give rise to a genuine issue." Id. "Under this standard, . . . conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion." Id. (citing Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993)). Summary judgment should be granted "unless a reasonable jury could return a verdict for the

- 4 -

nonmoving party on the evidence presented." Id. at 719 (citing Anderson, 477 U.S. at 247–48).

"[I]n assessing a summary judgment motion, a district court is obliged to consider its 'entire record.'" Sinclair v. Mobile 360, Inc., 417 F. App'x 235, 242 (4th Cir. 2011) (quoting Campbell v. Hewitt, Coleman & Assocs., Inc., 21 F.3d 52, 55 (4th Cir. 1994)). A court must "search the record and independently determine whether or not a genuine issue of fact exists," id., and may consider "any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves," Celotex Corp., 477 U.S. at 324. Rule 56(c) permits a moving party to rely on "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A party may also rely on a verified complaint if based on the plaintiff's personal knowledge because it serves as an affidavit for purposes of summary judgment. See Goodman v. Diggs, 986 F.3d 493, 498 (4th Cir. 2021).

Though at summary judgment the court views the evidence presented in the light most favorable to the non-moving party, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Scott v.

- 5 -

Harris, 550 U.S. 372, 380 (2007). Accordingly, "[m]ere unsupported speculation," Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995) and "conclusory allegations or denials, without more" are not sufficient to withstand summary judgment. Wai Man Tom, 980 F.3d at 1037. Moreover, "the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand" summary judgment. Id. "[I]f the adverse party fails to bring forth facts showing that reasonable minds could differ on a material point, then, regardless of any proof or evidentiary requirements imposed by the substantive law, summary judgment, if appropriate, shall be entered." Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (cleaned up).

## III. **ANALYSIS**

Plaintiff seeks "to recover the unpaid balance due on a promissory note executed by Defendants in favor of Plaintiff, plus interest and attorneys' fees" in accordance with the terms of the Promissory Note. (Mem. of Law in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s Br.") (Doc. 29) at 1.) Plaintiff argues that summary judgment is appropriate because "Defendants do not contest that they executed the promissory note or that the balance was not paid." (Id.)

- 6 -

A party asserting that a fact cannot be disputed must support that assertion by citing to particular parts of materials in the record, including affidavits, declarations, or admissions. Fed. R. Civ. P. 56(c)(1)(A). In support of its motion for summary judgment, Plaintiff relies upon allegations made in the verified complaint, (Verified Compl. (Doc. 4)), and Defendant's admissions set forth in its answer, (Answer (Doc. 10)). (See Pl.'s Br. (Doc. 29) at 2–3.)

In response to Plaintiff's motion for summary judgment, Defendants do not offer evidence of their own, but instead argue that Plaintiff's evidence is insufficient to grant summary judgment. (See generally (Def.'s Resp. and Br. in Opp. to Pl.'s Mot. for Summ. J. ("Def.'s Resp.") (Doc. 30).) Defendants make three arguments to this point. First, Defendants contend that "Plaintiff failed to adduce any evidence that it is the owner and holder of the negotiable instrument underlying its note claim." (Def.'s Resp. and Br. in Opp. to Pl.'s Mot. for Summ. J. ("Def.'s Resp.") (Doc. 30) at 1.) Next, Defendants assert that "Plaintiff's calculation of interest is contrary to the terms of the Note." (Id.) Finally, Defendants argue that "fact questions remain as to reasonable attorneys' fees." (Id.)

A non-moving party may assert a genuine dispute of fact by showing that the materials cited by the moving party do not

establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(B). However, "[i]t is well-established that the mere existence of 'some' factual disputes will not defeat summary judgment; rather, the dispute presented must be 'genuine' and concern 'material' facts." Propst v. HWS Company, Inc., 148 F. Supp. 3d 506, 522 (W.D.N.C. 2015) (citing Anderson, 477 U.S. at 247–48; Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008)). "Abstract or conjectural doubts, minor discrepancies, and points irrelevant to the 'material' facts are not genuine or material and do not cast sufficient doubt on the validity of testimony to preclude the entry of summary judgment." Id. at 523 (citing Emmett, 532 F.3d at 297; Hux v. City of Newport News, Va., 451 F.3d 311, 315 (4th Cir. 2006)).

## A. **Enforceability of the Promissory Note**

Defendants argue Plaintiff's evidence of the Promissory Note is insufficient to grant summary judgment because Plaintiff has failed to "prove up the Note," or "show that Plaintiff is Note's current owner and holder." (Def.'s Br. (Doc. 30) at 2.) As an initial matter, Plaintiff has alleged in its verified complaint that "Defendants executed and delivered a promissory note," that "there remains a balance due of $300,000," and "Plaintiff gave Defendants notice of the default." (Verified Compl. (Doc. 4) ¶¶ 4, 5, 7.) Defendants admit the Promissory

Note and the balance due. (Answer (Doc. 10) ¶ 5.) In addition,
Plaintiff previously filed an affidavit supporting the
allegations contained in the verified complaint in support of a
premature motion for summary judgment.[2] (See Docs. 13, 14, 15.)
Though Plaintiff did not attach that affidavit to the instant
motion for summary judgment, this court may consider other
materials in the record even if they are not cited by the
parties. Fed. R. Civ. P. 56(c)(3). See also Smith v. Shinseki,
No. 08CV272, 2011 WL 2446607, at *3 (M.D.N.C. June 15, 2011)
("In determining if summary judgment is appropriate, the court
should look to the movant's own papers, as well as to the
record, to determine whether a genuine issue exists as to any
material fact."). Although Defendants contend that "Plaintiff
did not submit an Affidavit in support of its motion . . . to
prove up the Note," (Def.'s Resp. (Doc. 30) at 2), that argument
ignores the verified complaint and admissions in the answer.
Furthermore, the argument overlooks the affidavit in the record
and Defendants have not objected to the court's authority to
consider "other materials in the record." See Fed. R. Civ. P.
56(c)(3) ("The court need consider only the cited materials, but
it may consider other materials in the record.").

---

[2] This motion was denied without prejudice to Plaintiff
refiling the motion following completion of discovery. (Doc. 20
at 1-2.)

In his affidavit, David Chidester, the "sole Member and Manager of Local Web Results, Series LLC," verifies that "[a] true and complete copy of the Note" is attached to the affidavit. (Aff. of David Chidester ("Chidester Aff.") (Doc. 15) ¶¶ 3, 5.) He also verified that Defendants executed the Promissory Note "for the benefit of the Plaintiff." (Id. ¶ 5.) This testimony is sufficient to "prove up" the Promissory Note between Plaintiff and Defendants and establish that Plaintiff is the holder of the Promissory Note. See Liles v. Myers, 38 N.C. App. 525, 527, 248 S.E.2d 385, 387 (1978) ("This element might have been established by showing that the plaintiff was in possession of the instrument and that it was issued or endorsed to her, to her order, to bearer or in blank."). Defendants offer no evidence to dispute these facts.

Further, to contest the ownership of a negotiable instrument like the Promissory Note, Defendants "must come forward with facts, not mere allegations, which controvert" Plaintiff's assertion that it holds the Promissory Note and is entitled to collect upon it, as well as that the Promissory Note in the record before this court is a true and complete copy of the Promissory Note executed by Defendants. Econo-Travel Motor Hotel Corp. v. Taylor, 301 N.C. 200, 204, 271 S.E.2d 54, 57 (1980). Instead, Defendants have provided no evidence whatsoever

to support their contention that a dispute of fact exists as to Plaintiff's status as the holder and owner of the Promissory Note. (See Def.'s Resp. (Doc. 30) at 3–4.) They "offer only a conclusory argument that [Plaintiff's] proof is somehow insufficient but have failed to show that a triable issue exists." TD Bank, N.A. v. Carland Tractor and Equip., Inc., No.15-cv-248, 2017 WL 957547, at *8 (W.D.N.C. Mar. 10, 2017) (applying North Carolina law). Defendants' "argument on this issue is therefore without merit" and summary judgment in favor of Plaintiff is appropriate. See id.

## B. Calculation of Interest

The Promissory Note expressly states that, upon default, "all principal and interest which is past due under this Note shall bear interest from maturity or upon acceleration at the lesser of (a) twelve percent (12%) per annum; or (b) the maximum rate permitted by applicable North Carolina or Federal law[.]" (Promissory Note (Doc. 29) at 10.) The Promissory Note defines an "Event of Default" as "failure to timely make any payment due under this Note, which failure continues for a period of ten (10) calendar days after Notice from Lender." (Id.)

### 1. Date Interest Accrues

Defendants argue that summary judgment for Plaintiff is inappropriate because "interest on the Note should not begin

- 11 -

accruing interest until after the expiration of the cure period in the notice letters, which at earliest should have been ten days after the notice letter (not five as stated in the letter)." (Def.'s Resp. (Doc. 30) at 5.) Plaintiff asks this court to calculate interest on the amount due from October 3, 2020 — the date that Defendant was required to pay the final installment under the terms of the Promissory Note. (Pl.'s Br. (Doc. 29) at 6-7.)

The terms of the Promissory Note control. Regardless of the parties' various contentions, the Promissory Note itself states that an event of default occurs ten calendar days after Plaintiff provides notice to Defendants of their failure to make a timely payment. (Promissory Note (Doc. 29) at 10.) Though Defendants failed to make pay the final installment due on October 3, 2020, (Verified Compl. (Doc. 4) ¶ 5; Answer (Doc. 10) ¶ 5), Plaintiff did not provide Defendants with notice of that failure until November 12, 2020, (Eli Global Collection Letter (Doc. 15) at 8; Lindberg Collection Letter (Doc. 15) at 10). Although Plaintiff did not give notice until more than a month after the payment due date, the Promissory Note states that the "principal and interest which is past due" "shall bear interest

- 12 -

<u>from maturity</u>," not from the date an event of default occurs.[3] (Promissory Note (Doc. 29) at 10.)

"By definition, debt 'matures' when a party defaults by missing a [scheduled] payment." <u>Monsato Co. v. ARE-108 Alexander Road, LLC</u>, No. 10CV898, 2014 WL 2815778, at *5 (M.D.N.C. June 23, 2014) (citing <u>Kindred of N.C., Inc. v. Bond</u>, 160 N.C. App. 90, 104-05, 584 S.E.2d 846, 855 (2003); <u>see also</u> <u>In re Laurel Hill Paper Co.</u>, 393 B.R. 372, 391 (Bankr. M.D.N.C. 2008) ("A note matures when payment on the note becomes due.").[4] According to the Promissory Note, the final $300,000 payment was due on October 3, 2020, the date of maturity. (Promissory Note (Doc. 29) at 10.) Defendants produce no evidence to suggest that the date of maturity referenced in the Note refers to any other

---

[3] It appears to the court that, based on the terms of the Promissory Note, if Defendants had paid the outstanding balance owed of $300,000 within ten days of receiving notice from Plaintiff, Defendant would owe no interest on the outstanding balance. (Promissory Note (Doc. 29) at 10.) Defendants argue a fact issue exists regarding the calculation of interest because the notices only gave Defendants five days to cure, as opposed to the contractually required ten days. (Def.'s Br. (Doc. 30) at 5.) However, because Defendant did not pay after receiving the notice, and has still not paid, whether Defendants <u>could</u> have cured their default within the five-day period prescribed by the notice or within the ten-day period prescribed by the Promissory Note without owing any interest on the outstanding balance is not a material fact.

[4] "All bonds, bills, notes, bills of exchange, liquidated and settled accounts shall bear interest from the time they become due, . . . unless it is specially expressed that interest is not to accrue until a time mentioned in the said writings or securities." N.C. Gen. Stat. § 24-3(1).

- 13 -

date. Accordingly, interest is appropriately calculated from the date of maturity, or the date the final installment payment was due, October 3, 2020.

### 2. Interest Rate

As to the appropriate rate of interest, Defendants argue that "Plaintiff has [not] offered [] legal authority or evidence with respect to the applicable 'maximum rate permitted by applicable North Carolina or Federal law' — and just assumes that 12% is the 'lesser of' those amounts." (Def.'s Resp. (Doc. 30) at 5.) The Promissory Note states that it "shall bear interest from maturity . . . at the lesser of (a) twelve percent (12%) per annum; or (b) the maximum rate permitted by applicable North Carolina or Federal law[.]" (Promissory Note (Doc. 29) at 10.) N.C. Gen. Stat. § 25-3-112 provides that "[t]he amount or rate of interest may be stated or described in the instrument in any manner and may require reference to information not contained in the instrument."

In North Carolina, "the legal rate of interest shall be eight percent (8%) per annum," but "the parties to a loan . . . may contract in writing for . . . [a]ny rate agreed upon by the parties where the principal amount is more than twenty-five thousand dollars ($25,000)." N.C. Gen. Stat. §§ 24-1, 24-1.1(a)(2). Because North Carolina law permits parties to a loan

- 14 -

with a principal amount of more than $25,000 to contract for any agreed-upon interest rate, and the promissory note in this case was for a principal loan of $900,000, the maximum interest rate permitted by North Carolina law in this case is the amount the parties contracted for, or 12%.

Defendants have pointed to no other evidence or legal authority indicating that there is a genuine issue of fact as to the applicable interest rate, therefore this court will calculate interest owed on the Promissory Note at a rate of 12% per annum.

### C.  <u>Award of Attorneys' Fees</u>

Finally, Defendants argue that Plaintiff erroneously "claims that it is entitled to a flat 15 percent in attorneys' fees, totaling $45,000.00, without any proof of actual out-of-pocket fees or expenses, and without any evidence offered of reasonableness." (Def.'s Br. (Doc. 30) at 6.) By its terms, the Promissory Note requires that Defendants "pay all costs of collection when incurred, including, but not limited to, any and all reasonable attorneys' fees, costs and expenses." (Promissory Note (Doc. 29) at 10.)

North Carolina General Statute § 6-21.2 states that "[o]bligations to pay attorneys' fees upon any note . . . in addition to the legal rate of interest or finance charges

specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity." N.C. Gen. Stat. § 6-21.2. Further, "[i]f such note . . . provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the 'outstanding balance' owing on said note[.]" N.C. Gen. Stat. § 6-21.2(2).

Because the Promissory Note provides for "reasonable" attorneys' fees but does not establish a specific percentage, the Promissory Note "'<u>shall</u> be construed to mean' that [Defendants are] required to pay 'fifteen percent (15%) of the "outstanding balance"' as attorneys' fees." <u>Colo. Bankers Life Ins. Co. v. Academy Fin. Assets, LLC</u>, 60 F.4th 148, 155 (4th Cir. 2023) (quoting N.C. Gen. Stat. § 6-21.2(2)).[5] It is "well established" in North Carolina "that the word 'shall' is generally imperative or mandatory." <u>Multiple Claimants v. N.C. Dep't of Health & Hum. Servs.</u>, 361 N.C. 372, 378 646 S.E.2d 356,

---

[5] Despite counsel for Defendants' concern that "the North Carolina Supreme Court may 'overrule' the Fourth Circuit opinion [in <u>Colorado Bankers</u>] if the issue comes before it while this case is still pending," (Def.'s Br. (Doc. 30) at 6), the North Carolina Supreme Court has not done so. This court sits within the Fourth Circuit and will apply the precedent of that Court.

360 (2007). Thus, a 15% attorneys' fee award is appropriate "without requiring evidence of 'the attorney's <u>actual</u> billings or usual rates.'" <u>Colo. Bankers Life Ins. Co.</u>, 60 F.4th at 156 (emphasis added). Again, Defendants present no evidence or legal authority indicating that a 15% attorneys' fees award without regard to Plaintiff's actual out-of-pocket expenses is inappropriate, therefore this court will award Plaintiff attorneys' fees in the amount of 15% of the outstanding balance owed on the Promissory Note.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment filed by Plaintiff Local Web Results, Series LLC, (Doc. 28), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have and recover from Defendants the principal sum of three-hundred thousand dollars ($300,000) plus interest at the rate of 12% per annum from October 3, 2020, to the date of judgment, and interest at the legal rate thereafter until paid in full.

**IT IS FURTHER ORDERED** that Plaintiff shall have and recover attorneys' fees in the amount of 15% of the total of three-hundred thousand dollars.

- 17 -

A Judgment reflecting this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 14th day of March, 2024.

_____
United States District Judge